# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant BRIAN C. WEBB**
**United States Army, Appellant**

ARMY 20110104

Headquarters, Joint Readiness Training Center and Fort Polk
Gregory A. Gross, Military Judge (arraignment)
Jacqueline L. Emanuel, Military Judge (trial)
Jeffery R. Nance, Military Judge (*DuBay* Hearing)
Colonel Keith C. Well, Staff Judge Advocate

For Appellant: Captain Matthew T. Grady, JA; Meagan F. Temple, Esquire (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Captain Sasha N. Rutizer, JA (on brief).

29 October 2013

---------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to obstruct justice, failure to obey a lawful regulation (3 specifications), aggravated sexual assault, and aggravated assault with a loaded firearm, in violation of Articles 81, 92, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 920, 928 (2006 & Supp. III 2009) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for eleven years, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only eight years confinement and otherwise approved the remainder of the sentence.

Appellant raises four assignments of error, two of which merit discussion but not relief.[*] Appellant alleges that he was "deprived effective assistance of counsel during the pretrial agreement process" and that his "plea was involuntary because it was coerced by his trial defense counsel."

## BACKGROUND

At trial, appellant pleaded guilty to a course of criminal conduct occurring from late September through early October 2010. On 24 September 2010, appellant sexually assaulted a substantially incapacitated victim, Sergeant (SGT) CS, by placing his fingers in her vagina. Nearly a week later, just before SGT CS was about to reveal to SGT KA the details of appellant's sexual assault, appellant used a firearm to fire two shots at SGT CS and SGT KA. This shooting occurred on Fort Polk, Louisiana. Appellant's conduct with that firearm and his other firearms provided the factual predicate for the three Article 92, UCMJ failure to obey a lawful regulation specifications. Lastly, appellant conspired with his wife to obstruct justice and furthered that conspiracy telling his wife via text message to place several weapons – including the weapon used in the shooting – into the trunk of her car to be driven off of Fort Polk.

Noteworthy among appellant's specific claims on appeal are that his defense counsel, Mr. SS (formerly Captain SS):

(1) told him that if he did not sign a pretrial agreement that his wife would be prosecuted for her involvement on the night of the shooting;

(2) did not discuss with him whether or not consent was a potential defense to the charge of aggravated sexual assault;

(3) did not advise him regarding spousal immunity or the marital communication privilege; and

(4) did not advise him regarding cross-racial eyewitness identification.

---

[*] Appellant filed an affidavit from himself in support of the two assignments of error discussed in this decision, styling it a submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). However, it is inconsequential whether this submission is an affidavit in support of the assignments of error, a submission pursuant to *Grostefon*, or both. The allegations in that submission and in appellant's pleadings are without merit.

Upon order from this court, Mr. SS submitted an affidavit in which he denied appellant's claims.

## *DuBay* **Hearing**

In order to resolve material inconsistencies in post-trial affidavits between appellant and his defense counsel on the issues listed above, this court ordered a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The *DuBay* military judge made, *inter alia*, the following findings of fact:

(1) Mr. SS did not advise appellant or his wife that the government would prosecute appellant's wife if appellant did not plead guilty;

(2) Mr. SS did advise appellant that consent was a potential defense to the sexual assault offense appellant was facing;

(3) Mr. SS did advise appellant about the Military Rule of Evidence 504 (Husband-Wife) privilege and how it could impact the evidence in appellant's case; and

(4) Mr. SS discussed with appellant the issue of faulty eyewitness identification, but did not talk to him specifically about cross-racial identification.

## LAW AND DISCUSSION

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), set out a two-prong test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687; *United States v. Wean*, 45 M.J. 461, 463 (C.A.A.F. 1997).

In analyzing CPT SS's performance in the case at hand, we conclude that the military judge's findings of fact are not clearly erroneous, and, thus, we adopt them as our own. Upon review of the entire record, to include the *DuBay* hearing, we do not find the performance of appellant's defense counsel to be deficient. *See United*

3

*States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991) (noting the usefulness of *DuBay* hearings in resolving claims of ineffective assistance of counsel).  As such, we need not address the issue of prejudice.  *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").  We hold that appellant received effective assistance of counsel.  Lastly, we find no substantial basis in law or fact to question the providence of appellant's guilty pleas.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  After considering the entire record, we are satisfied that appellant entered his pleas voluntarily.

## CONCLUSION

We find all of appellant's assigned errors to be without merit.  On consideration of the entire record, including the briefs and affidavits submitted by all parties and the *DuBay* hearing, we hold the findings of guilt and the sentence as approved by the convening authority correct in law and fact.  Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4